IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-40805
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TRINIDAD CRUZ-GONZALEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-02-CR-137-1)
--------------------
January 7, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Trinidad Cruz-Gonzalez ("Cruz") was arrested attempting to enter the United States. His sentence was substantially increased as a result of a prior conviction for aggravated battery. Cruz argues that aggravated battery as defined by Illinois law is not an crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) so as to merit a 16-level increase for sentencing purposes. He further argues that the felony and aggravated felony provisions of § 1326(b)(1) and (2) are unconstitutional because

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

they increase the penalty for a crime beyond the prescribed statutory maximum without being submitted to a jury and being proved beyond a reasonable doubt.

Because the issue whether the Illinois aggravated battery statute comprises a crime of violence cannot be readily resolved by reference to existing authority, Cruz has not demonstrated that the district court committed clear or obvious error rising to the level of plain error.  See United States v. Hull, 160 F.3d 265, 272 (5th Cir. 1998).

As Cruz concedes, his second argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (U.S. 1998).  In the absence of any convincing argument for error, the sentence imposed by the district court is

AFFIRMED.